

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 29, 1972

Honorable Ben R. Howell
Chairman, State Board of Education
201 East 11th Street
Austin, Texas 78701

Opinion No. M-1290

Re: Eligibility to serve as
a member of State Board
of Education.

Dear Mr. Howell:

Your request for an opinion asks the following questions:

"(1) Legally, may the candidate-elect from
District 20 qualify as a member and serve on the
State Board of Education beginning January 1,
1973, whether or not s(he) continues to be employed
by a Texas school district?

"(2) If the answer to (1) is in the negative:
Does there come into existence a vacancy beginning
January 1, 1973 to be filled in the manner set out
in Code Section 11.22(k)?"

You state in your request that the candidate-elect in Con-
gressional District 20 was employed as a teacher in the Edgewood
Independent School District prior to the 1972 general election
and is still so employed.

Our answer to question (1) is "no".

Section 11.22 of the Texas Education Code provides the quali-
fications for membership on the State Board of Education. Sub-
division (b) of Section 11.22 reads as follows:

-6325-

"(b). No person shall be eligible for election to or serve on the board if he holds an office with the State of Texas or any political subdivision thereof, <u>or holds employment with or receives any compensation for services from the State or any political subdivision thereof</u> (except retirement benefits paid by the State of Texas or the federal government), <u>or engages in organized public educational activity</u>." (Emphasis added.)

The language of the foregoing statute is clear. Under its terms the individual in question may not serve on the State Board of Education.

Our answer to question 2 is "yes". Since the candidate-elect is ineligible to serve, then a vacancy exists and Section 11.22(k), Texas Education Code, provides the method of filling vacancies on the Board.

## S U M M A R Y

A candidate-elect who is employed as a teacher is ineligible to serve on the State Board of Education under Section 11.22(b) of the Texas Education Code. The vacant position on the Board is to be filled in accordance with the provisions of Section 11.22(k) of the Texas Education Code.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harry C. Green
Assistant Attorney General

APPROVED:     .
OPINION COMMITTEE

W. E. Allen, Chairman
Bob Gauss
Gerald Ivy
S. J. Aronson
Charles Lind

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant